UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JEFFRY FEIGER,<br><br>    Petitioner,<br><br>v.<br><br>RODERICK Q. HICKMAN,<br><br>    Respondent. | Civil No. 05cv1754-L(PCL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY [doc. #21]** |

Petitioner Robert Jeffry Feiger, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Respondent filed an answer and a supporting memorandum of points and authorities to which petitioner filed a traverse. The case was referred to United States Magistrate Judge Peter C. Lewis for a report and recommendation ("Report") pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. The magistrate judge's Report recommended the petition be denied. Petitioner filed timely objections to the Report. After a *de novo* review, the Court adopted the Report in its entirety, overruled petitioner's objections, and denied the petition on April 16, 2008. Judgment was entered on that same date. On May 14, 2008, petitioner filed a notice of appeal, a motion for leave to proceed *in forma pauperis* on appeal, and a motion for a Certificate of Appealability. The Court has denied petitioner leave to proceed *in forma pauperis*. (*See* Order filed August 4, 2008 [doc. #26].)

///

**A.     Legal Standard for a Certificate of Appealability**

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000), *citing Slack v. Mc Daniel*, 529 U.S. 473 (2000), and *Barefoot v. Estelle*, 463 U.S. 880 (1983). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright*, 220 F.3d at 1025, *citing Barefoot,* 463 U.S. at 893 n. 4. Nevertheless, issuance of the COA "must not be pro forma or a matter of course," and a "prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Barefoot*, 463 U.S. at 893.

Here, petitioner seeks a certificate of appealability for all the claims he raised in his petition: (1) insufficiency of the evidence on Counts 2 and 3; (2) denial of right to impartial jury; (3) denial of due process re: admission of evidence of prior lewd acts; (4) denial of due process re: instruction on prior lewd acts; (5) violation of ex post facto clause re: statute of limitations; and (6) cruel and unusual punishment.

**B.     Discussion**

**1.     Sufficiency of the Evidence**

Petitioner contends Counts 2 and 3[1] were not supported by sufficient evidence concerning lewd and lascivious acts that allegedly occurred in 2000 with respect to Stephen C., because Stephen's testimony was "generic" concerning the time period when the alleged acts occurred, and some of Stephen's testimony at trial was inconsistent with testimony he gave during the preliminary hearing about the timing of certain incidents. Thus, petitioner argues that there was a "gap in the evidence that did not support a finding by a jury beyond a reasonable doubt that any unlawful act took place in 2000" (COA app. at 3) and therefore, a court could resolve the

---

[1] Count 2 alleged petitioner rubbed Stephen's leg and back while asking to rub under his fancy pants; and Count 3 alleged petitioner rubbed Stephen's back.

issue in a different manner.  Based on the law cited in the Court's Order denying this claim, the jury's conclusions are within the spectrum of rational results required under the Constitution and therefore, petitioner has failed to demonstrate that jurists of reason would find it debatable whether this court was correct in its ruling.

### 2. Sixth Amendment Right to an Impartial Jury

In his motion for new trial, petitioner contended some jurors improperly considered information about the death of Brent Badgerow ("Badgerow"), the son of a witness.  Counsel for petitioner argued that after the trial at least one juror mentioned in his presence the "suicide" of Badgerow, the manner of Badgerow's "contacts" with appellant, and a comment to the effect that the jury knew that his suicide would have happened.  The prosecutor, who was also present at the time of the juror's statements declared that the juror had asked how Badgerow died.  The prosecutor also declared that the sole juror did not indicate the matter was discussed during deliberations.  Because the trial court refused to disclose the jurors' names and to conduct an evidentiary hearing to determine whether, and to what extent, any juror misconduct occurred, petitioner contends his Sixth Amendment right was violated.

"Clearly established federal law, as determined by the Supreme Court, does not require state or federal courts to hold a hearing every time a claim of juror bias is raised." *Tracey v. Palmateer*, 341 F.3d 1037, 1045 (9th Cir.2003), *cert. denied*, 543 U.S. 864 (2004).  Under California law, a defendant is entitled to a hearing to obtain juror identifying information only if he first presents a petition that establishes good cause for the information. CAL. CODE CIV. PROC § 237; *People v. Jefflo*, 63 Cal. App.4th 1314, 1318-1323, fn. 8 (1998).  But the court does not need to set the matter for a hearing if the petition and declaration fail to establish a prima facie showing of good cause for the release of juror information or if there exists "a compelling interest against disclosure." CAL. CODE CIV. PROC., § 237(b), (d).  To establish good cause a defendant must set forth a sufficient showing to support a reasonable belief that jury misconduct occurred. *See People v. Jones* 17 Cal. 4th 279, 317 (1998); *see also Jefflo*, 63 Cal. App.4th at 1321-1322, fn. 8.

/ / /

In reviewing this claim, this Court found that petitioner had not met his burden of establishing that improper material was discussed during deliberations or that a juror's consideration of extrinsic material had a "substantial and injurious effect or influence in determining the jury's verdict" or that an evidentiary hearing was not constitutionally required. Nevertheless, the Court believes this issue is debatable among jurists of reason or is adequate to deserve encouragement to proceed further.

### 3. Introduction of Prior Lewd Acts

Petitioner contends that the trial court violated his due process rights when it admitted evidence of prior acts of sexual misconduct under California Evidence Code § 1108 for the sole purpose of proving his propensity to commit the charged sex offenses. Specifically, petitioner argues that California Evidence Code § 1108 unconstitutionally permits juries to convict defendants using criminal propensity evidence.

The Supreme Court has never held that the admission of evidence of prior crimes violates the right to due process. *See Estelle v. McGuire*, 502 U.S. 62, 75 n. 5 (1991) (declining to rule on the constitutionality of propensity evidence). Because federal habeas relief may not be granted unless the state court decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, *see* 28 U.S.C. § 2254(d)(1), when there is no "clearly established law as determined by the United State Supreme Court," as here, habeas relief is barred. Petitioner has not met his burden under § 2253(c)(2) for the granting of a COA.

### 4. Due Process Rights re: Jury Instruction

Petitioner contends that the jury instruction given, California Jury Instruction ("CALJIC") 2.50.01, permitted the jury to convict petitioner by a preponderance of the evidence based on the use of prior lewd acts. As discussed by this Court, the trial court used the applicable instruction and that instruction makes clear that the crimes at issue in the trial were required to be proven beyond a reasonable doubt and not by a preponderance of the evidence. Petitioner is not entitled to a COA on this claim.

/ / /

### 5. *Ex Post Facto* Law

Prior to the incidents alleged in Counts 5 and 6 that occurred in 1993, petitioner had twice been charged with and convicted of lewd acts on minors. California enacted Evidence Code § 1108 after the commission of the acts underlying Counts 5 and 6. Evidence Code § 1108 permits the admission of evidence of prior lewd acts, evidence which was not permitted at the time the crimes were alleged to have been committed, to prove propensity. Petitioner contended that the application of Evidence Code § 1108 violated petitioner's constitutional right against *ex post facto* laws.

Although petitioner contends that the admission of evidence of prior sexual offenses that occurred prior to enactment of California Evidence Rule § 1108 makes it easier for the prosecution to obtain a conviction, Evidence Rule § 1108 neither affects the quantum of evidence sufficient to convict petitioner nor subverts the presumption of innocence. Instead Evidence Rule § 1108 merely permits the admission of evidence. This Court thus found that under clearly established federal law, the state did not violate petitioner's right to be free from retroactive punishment when it allowed § 1108 evidence to be presented at his trial. Again, petitioner has not met his burden of showing this issue is debatable among jurists of reason; or that a court could resolve the issue in a different manner; or (3) that this question is adequate to deserve encouragement to proceed further

### 6. **Extension of Statute of Limitations**

Petitioner contends that California Penal Code § 803(g), which grants an extension of the statute of limitations for child molesters, violates the *ex post facto* clause of the Constitution and relies on *Stogner v. California*, 539 U.S. 607 (2003). But Penal Code § 803(g) was enacted while the limitations period was still running on the charges against petitioner. *Stogner* was not striking down this type of statute with respect to unexpired statutes of limitations. *See id.* at 618-19. This Court found that the California Court of Appeal's determination that Penal Code § 803(g) did not violate the *ex post facto* clause was neither "contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254. A COA is not warranted on this claim.

### 7. **Cruel and Unusual Sentence**

Petitioner's final claim is that his sentence of 385 years to life violates the Eighth Amendment because a multi-century sentence that is beyond the functional equivalent of life without the possibility of parole is cruel and unusual punishment. The United States Supreme Court has deferred to state legislation concerning rescidivist sentencing such as California's Three Strikes Law. It is undisputed that petitioner had twice been convicted of lewd acts on children under 14 years old and served time for those convictions, the second conviction occurred while petitioner was on parole for the first conviction; and the present offenses involved four victims. Thus, petitioner's assertion of a violation of the Eighth Amendment based on his sentence is not supported by clearly established Supreme Court authority within the meaning of 28 U.S.C. § 2254(d). Petitioner's claim is not entitled to a COA.

## CONCLUSION

Based on the foregoing, a Certificate of Appealability is **GRANTED** with respect to petitioner's Sixth Amendment right to an impartial jury claim only. In all other respects, the Court **DENIES** petitioner's request for a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: September 2, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL